# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

RONALD DOWDY                    ]
    Plaintiff,              ]
                               ]
v.                             ]          No. 3:11-1121
                               ]          Judge Sharp
TONY CRAWFORD, et al.          ]
    Defendants.             ]


## M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Center in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Tony Crawford and eight fellow members of the Detention Center staff, seeking damages.

On two occasions, a fellow inmate gave the plaintiff a haircut with clippers supplied by the Detention Center. Each time, he was cut behind an ear. The plaintiff alleges that the Detention Center was negligent for providing faulty clippers and for not supplying disinfectant for the clippers. He also complains that he did not receive adequate medical care for the cuts and that he has been deprived of those supplies needed to maintain personal hygiene.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege

secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

In this case, the plaintiff admits that the medical staff at the Detention Center cleaned his cuts but would not give him a tetanus shot. The plaintiff did, therefore, receive medical attention for his injuries. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs.[1] This dispute, instead, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir.2001).

---

[1] The complaint and its exhibits suggest that the plaintiff's cuts were not sufficient to constitute serious medical needs.

The plaintiff also alleges that the defendants were negligent for failing to provide him with properly operating hair clippers and disinfectant. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97 S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

Finally, the plaintiff complains that he has not been provided with the supplies needed for him to maintain personal hygiene. Exhibits to the complaint, though, show otherwise. When requested, the plaintiff has received items for the maintenance of personal hygiene. He has offered no factual allegations to suggest that needed items have deliberately been denied to him. Nor has he alleged any health problems arising from an inability to maintain personal hygiene. Accordingly, this claim is at best conclusory and, as such, is not actionable. Mezibov v. Allen, 411 F.3d 712,716 (6th Cir.2005).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua*

*sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge